IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

RECEIVED
JAN 20 2023
U.S. District Court
Middle District of TN

| | |
|---|---|
| DONALD MIDDLEBROOKS<br>PLAINTIFF<br><br>V.<br><br>LISA HELTON,<br>T.D.O.C. COMMISSIONER,<br>DEFENDANT,<br><br>TONY MAYS,<br>RMSI WARDEN,<br>DEFENDANT,<br><br>EARNEST LEWIS,<br>RMSI WARDEN OF SECURITY,<br>DEFENDANT,<br><br>MICHAEL KEYS,<br>RMSI WARDEN OF TREATMENT,<br>DEFENDANT,<br><br>CORPORAL WARD,<br>RMSI GRIEVANCE CLERK,<br>DEFENDANT,<br><br>DENNIIS DAVIS,<br>RMSI UNIT 2 MANAGER,<br>DEFENDANT,<br><br>CENTURION OF TENNESSEE,<br>DEFENDANT,<br><br>KYLA SOLOMON,<br>RMSI CENTURION HSA<br><br>JANE/JOHN DOE,<br>DEFENDANT, | CASE NO. 03-23 0054 |

## **U.S.C.A. § 1983 COMPLAINT**

## PETITION FOR INJUNCTIVE RELIEF

## INTRODUCTION

Comes now the Plaintiff, Donald Middlebrooks, filing this Pro SE' U.S.C.A.§ 1983 CIVIL AND CONSTITUTIONAL RIGHTS VIOLATION pleading, to move this Honorable Court to issue Injunctive Relief, for each of the following (8) related Causes of Action, for their violations of the Plaintiff's United States Constitutional Rights held in Amendments Eight and Fourteen.

## I. JURISDICTION

The Plaintiff is a Tennessee Department of Corrections inmate at Riverbend Maximum Security Institute in Nashville Tennessee, and is filling the above styled complaint for relief under F.R.C.P., RULE 3. All Federal Courts are superior to all State Courts.

The Defendants are all State Officials or under contract acting with authority of and for the Tennessee Department of Correction. WILL V. MICHIGAN, 109 S. Ct. 2304 (1989), reaffirmed that State officers who are violating a Federal law may be sued for purely injunctive relief. "Capacity" whether individually or official and party of interest are irrelevant.

## II PARTIES OF THE CASE

The Plaintiff is Donald Middlebrooks, T.D.O.C. #129769. He resides at Riverbend Maximum Security Institute, located at 7475 Cockrill Bend Blvd., Nashville Tennessee 37209-1048. The prison phone number is 615-350-3100, unit two extension (care of U-2 counselor).

The First Defendant, is Lisa Helton, Commissioner of the Tennessee Department of Correction, who under T.C.A. §4-6-103 is responsible for the management of State Penitentiaries housing adults. T.C.A. § 41-1-410 (Overall management philosophy). T.C.A. § 41-21-121 (Public agencies; malfeasance) The Commissioner's address is, the Rachael Jackson Building, 6th floor, 320 6th Ave N., Nashville,Tennessee 37243-1400. The phone number is 615-741-1000. Ms. Helton is being sued in her individual and official capacity in regards to this action.

Due to his extensive employment At the Tennessee Department Of Corrections and his extensive contact with the plaintiff. Tony Mays has been the associate Warden of Riverbend Maximum Secuirty Institution prior to taking the position of Warden, Mays knew or should have known, Due to the length of his employment) the requirements of his office regarding medical devices issued by a doctor and a prisoners health care under him ,Tony Mays is Warden of Riverbend Maximum Security Institute, who under T.C.A. § 4-6-104 is responsible for the management of Riverbend Maximum Security Institute under T.C.A. § 41-1-104; and § 41-21-201 (Warden; Powers and Duty), which is located at 7475 Cockrill Bend Blvd., in Nashville Tennessee 37209-1048. The prison phone number is 615-350 3100. Warden Tony Mays is being sued in his individual and official capacity in regards to Causes of Action 1-8.

The Third Defendant is Earnest Lewis, is Associate Warden of Security at Riverbend Maximum Security Institute, located at 7475 Cockrill Bend Blvd., Nashville Tennessee, 37209-1048. The prison phone number is 615-350-3100. Associate Warden Lewis is responsible concerning this cause of action resulting in cruel and unusual punishment which caused mental anguish in the Plaintiff and suffering.

The Fourth Defendant is Michael Keys, Assistant Warden, of Treatment He is responsible for the health and treatment of the handicap inmates under his care as well as treating the inmates with humanity and kindness, and protecting them from harsh and cruel treatment under T.C.A. § 41-21-201; § 41-1-408 § 41-21-204, and § 41-21-223 (Health care and treatment; psychological services mental), at Riverbend Maximum Security Institute located at

7475 Cockrill Bend Blvd., Nashville Tennessee, 37209-1048. The prison phone number is 615-350-3100. Assistant Warden Keys is responsible for this cause of action which did result in mental anguish, torture and cruel and unusual punishment.

The Fifth Defendant is Dennis DAVIS RMSI UNIT 2 MANAGER, he is responsible under T.C.A. § 41-21-505, 41-21-506, & 41-21-507 (Counselors; powers and duties), and the Due Process (§41-21-806) and (41-21-817) of prisoners under his care. Davis is located at 7475 Cockrill Bend Blvd., Nashville Tennessee, 37209-1048. The prison phone number is 615-350-3100. Davis shares responsibility for causes of action ?-?

The Sixth Defendant is corporal CPL. Ward, Grievance Clerk at Riverbend Maximum Security Institute. She is responsible for failing to maintain an adequate grievance process, as required under T.C.A. § 41-21-806, and § 41-21-817 And impeding the Plaintiffs Due Process, Grievance system; and review). Wards actions did prolong the undue suffering and any treatment legal wise to the plaintiff who suffered undue mental anguish and cruel and unusual punishment due to the Actions of Ward. Her position and duties are performed and located at R.M.S.I. 7475 Cockrill Bend Blvd., Nashville Tennessee, 37209-1048. The prison phone number is 615-350-3100. Ms. Ward being sued in her individual and official capacity and has responsible in this cause of Action.

The Seventh Defendant is Centurion of Tennessee, the contract medical provider responsible for the Tennessee Department of Corrections inmate medical care. Centurion of Tennessee's office address is 53 Century Blvd., ste. 150, Nashville, Tennessee, 37214. The office phone number is 615-884-3110 or 855-542-8058. Centurion is being sued in their individual and official capacity.

The Eighth Defendant is HSA Kyla Solomon, and is employed by Centurion of Tennessee and is responsible for inmate medical care at RMSI, located at 7475 Cockrill Bend Blvd. Nashville Tennessee, 37209-1048. Kyla Solomon is being sued in her individual and official capacity.

The Ninth Defendant is Jane/John Doe

## III. STANDARD OF REVIEW

The Courts have held that a Pro Se' Pleading should be held to a less stringent standard than a formal pleading drafted by lawyers. The test is whether it appears beyond a reasonable doubt the Plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. See SILVA V. DIVITTORIO, 658 F. 3d. 1090, 1101 (9th Cir.2011); Also JOHN V. HURT, 439 F.2d. 786 (786 (7th Cir. 1073); Also BAXTER V. ROSE, 523 S.W. 2d. 930 (1995).

A. Summary of the standards for determining whether the Eighth Amendment is violated. Court decisions provide three general principles of Eighth Amendment law governing prison life emerge from their opinions.

The first principal, is established by ESTELLE, RHODES, and FARMER, is that the Eighth Amendment applies to cases involving prison conditions and practices. The second principal, established by WILSON is that the Eighth Amendment has both a subjective and an objective component. For an inmate to be successful in a challenge to prison policies or practices based on the Eighth Amendment, both components must be satisfied. The final general principle is that the test for the subjective component will depend on the particular Eighth Amendment claim to be raised. If the claim is one involving prison conditions (WILSON) protection from inmate violence (FARMER) or medical care (ESTELLE), for example, deliberate indifference is the standard. NOTE: The standard for "_adequate medical care_" for prisoners requires treatment by qualified medical personnel who provide services that are a quality acceptable when measured by prudent professional standards in the community, tailored to an inmate's particular needs, and are based on medical considerations. See FERNANDEZ V. U.S., 941 F.2d. 1488, 1493 (11th Cir. 1991); accord, U.S. V. DECOLOGERO, 821 F. 2d. 39, 43 (1st Cir. 1987).

Additionally, in HELLING V. MCKINNEY, 509 U.S. 25, 33, 113 S. Ct. 2475 (1993), the Court has held "a remedy for unsafe conditions need not await a tragic event ." The Court also cited as an example the exposure to infectious diseases.

### B. The objective component of the Eighth Amendment

The Eighth Amendment, which forbids cruel and unusual punishments" governs the treatment of convicted prisoners. U.S. CONST. AMEND. VIII. To win an Eighth Amendment case you must establish both an "objective component," the seriousness of the challenged conditions, and a "subjective component," the state of mind of the officials who are responsible for them. FARMER V. BRENNAN, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994).

Prison conditions that are "restrictive and even harsh are part of the penalty that criminal offenders pay for their offenses against society." RHODES V. CHAPMAN, 452 U. S. 337, 347101S. Ct. 2392 (1982). Conditions do not violate the Eight Amendment unless they amount to the "unnecessary and wanton infliction of pain." RHODES V. CHAPMAN, 452 U.S. at 347; WILSON V. SEITER, 501 U. S. at 297.

That phrase can mean several different things in prison litigation. With respect to living conditions, prisoner must demonstrate "unquestioned and serious depravations of basic human needs" or of the " minimal civilized measure of life's necessities," to establish an Eighth Amendment violation. RHODES V. CHAPMAN, 452 U. S. at 347; accord, WILSON V. SEITER, 501 U. S. at 308. The Supreme Court has listed as basic human needs food, clothing shelter medical, and reasonable safety. HELLING V. MCKENNEY, 509 U..S. 25, 33 113 S. Ct. 2475 (1993), as well as warmth and exercise. See
WILSON V. SEITER, 501 U. S. at 304.

The Supreme Court decisions concerning prisoners Eighth Amendment claims have emphasized physical harm, or the risk of it. The Court has held that unsafe conditions that "pose an unreasonable risk of serious damage to [prisoner's] future health" may violate the Eighth Amendment even if the damage has not yet occurred and may not affect every prisoner exposed to the conditions. HELLING V. MCKENNY, 509 U. S. 25, 33, 113 S. Ct. 2475 (1993), (the remedy for an unsafe conditions need not wait a tragic event").

The Eighth Amendment standard draws it's **standards of decency that mark the progress of a maturing society. RHODES V. Chapman, 452 U. S. 337, 347, 101 S. Ct. 2392 (1981), (quoting TROP V. DULLES, 356 U. S. 86, 101, 78 S. Ct. 590 (1958)**; accord, HELLING V. MCKINNEY, 509 U. S. 25, 33, 113 S.Ct. 2475 (1993). In cases involving risks to health or safety, courts "assess whether society considers the risk that the prisoner complains of so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. " In other words, the prisoner must show that the risk of which he complains is not one

that today's society chooses to tolerate.

In HELLING, the case concerned exposure to tobacco smoke; other examples cited by the Court included exposure to infectious disease. See HILL V. MARSHALL 962F. 2d. 1209, 1213-14 (6th Cir. 1992)(risk of developing tuberculosis). The above stated case opinions meet the requirements necessary to establish the objective prong of the Eighth Amendment violations contained in the (8) eight causes of action of this complaint.

### C. The Subjective Component of the Eighth Amendment

In Eighth Amendment, condition cases the Plaintiff must prove that the Defendants acted with deliberate indifference." In WILSON V. SEITER, 501 U. S. 294, 303, 111 S.Ct. 2321 (1991), the Court decided that deliberate indifference was the appropriate state of mind required for condition cases. Deliberate indifference in Eighth Amendment cases falls somewhere between mere negligence (carelessness) and actual malice (intent to cause harm). Id. 501 U. S. at 297-304; See also FARMER V. BRENAN, 511 U. S. at 835-36; That is that amounts to recklessness Id. 511 U. S. at 836. Sometimes deliberate indifference is shown directly by evidence of prison personnel's bad motives or attitudes. However, the Supreme Court has held that a prison official can be found reckless or deliberately indifferent if "the official knows of and disregards an excessive risk to an inmates health or safety......." Id. FARMER V. BRENAN, 511 U. S. at 837. This is the same standard recklessness used in criminal law. The fact that a condition or a risk was obvious is circumstantial evidence that will permit a Judge or a Jury to conclude that a Defendant did know about it, even if there is no direct evidence the Defendant knew. Id. FARMER V. BRENAN, 511 U. S. 842-43; Id. at 837. The above stated case opinions meet the necessary requirement to prove the subjective prong of the Eighth Amendment violations contained in the (8) eight causes of action in this complaint.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Plaintiff Donald Middlebrooks did exhaust the administrative remedies that were made available to him by SGT. Ward of the grievance board at Riverbend Maximum Security Institution. As stated above and is shown by attached grievance Ward with intent did use the courts Exhaustion system to directly violate the due process rights of Donald Middlebrooks which prolonged his pain and suffering , his mental anguish and did thereby violate his constitutional rights.

### V. STATEMENT OF FACTS

1. On the Morning of 11/23/22 at or around 9:00 am Plaintiff Donald Ray Middlebrooks was in his cell, located at A-105 of unit two, (Death Row). area A-Pod when Security Staff operating

under Associate Warden of Treatment Michael Keys and Security officers employed under him, did with disregard to The plaintiff's medical needs enter the living location ( A-105 of Unit Two (2) ) of the Plaintiff Donald Ray Middlebrooks 129769, and did with disregard to Middlebrooks spine problems remove his much needed medical devices which was prescribed by The institutions staff, doctor.

In Estelle v. Gamble 429 U.S. at 104, 97 S. Ct, at 291, it was held that "deliberate indifference to serious medical needs of prisoners" violated the Eighth Amendment as made applicable to States by the Fourteenth. And prisoners' constitutional rights to be free from inhumane conditions have been repeatedly recognized See. e.g., Rhodes v. Chapman, 452 U.S. at 352. 101 S.Ct at 2402.

2. Raffity, a employee of Riverbend Maximum Security Institution was asked for the name of the person under which such an order to remove the Plaintiffs A.V.O. Medical device was issued. Officer Raffity did disregard the request for identification and verbally refuse to identify the person or persons stating that the order came from higher ups, under whose order she was operating. Accordingly Raffity did thereby with intent impede the legal due process of the plaintiff. which resulted in the prolong mental anguish and undue suffering of the Plaintiff

Gates v. Collier 5 Cir 1974, 501 F. 2d 1291; Newman v, Alabama, 5 Cir 1974 503 F. 2d 1320 cert denied 421 U.S. 948, 95 S. Ct. 1680, 44 L.Ed. 2d 102; Williams v. Edwards 5 Cir 1977, 547 F. 2d 1206.

3. The Plaintiff did inform security staff and Raffty of his medical need for the device being removed by security. Raffity responded that it did not matter if he or anyone else had an Doctors approved, A.V.O to have these medical devices or not. Security was going to take them as ordered

Newman v. State of Ala 559 F.2d 283 at 286 (1) The Eighteenth Amendment to the Constitution of the United States, reinforced by the Fourteenth Amendment; prohibits the imposition of cruel and unusual punishment. It is much to late in the day for states and prison authorities to think that they may withhold from prisoners the basic necessities of life. which include reasonably adequate food, clothing, shelter, sanitation, and necessary medical attention, Gates v. Collier 5 Cir 1974, 501 F. 2d 1291; Newman v, Alabama, 5 Cir 1974 503 F. 2d 1320 cert denied 421 U.S. 948, 95 S. Ct. 1680, 44 L.Ed. 2d 102; Williams v. Edwards 5 Cir 1977, 547 F. 2d 1206.

4. On that self same day, 11/23/2022 within a five hour time span of the Claimed, unconstitutional incident, the plaintiff activated the grievance process against unlicensed medical officials who acted with disregard to his medical needs, removing his much needed medical device.

Sostre v. McGinnis, supra, 442 F. 2d at 189 "(t)he Constitution protects with special solicitude .

a prisoners access to the courts See also Bounds v. Smith 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d. 72 (1977); Johnson v. Avery, 393 U.S. 483; 89 S. Ct. 747, 21 L.Ed . 2d 718 (1969).

5. The grievance was marked (Received Nov 29 2022) by the Riverbends Grievance Office and on the same day the grievance clerk assigned the grievance number 22-0401/00356739.

6. The grievance taken by the plaintiff Donald Middlebrooks against none medical security staff and the Warden of Treatment Michael Keys who oversees the treatment medical and handicap of those incarcerated at Riverbend was blocked by the unit two manager Davis who then impeded the redress of the grievance process, of the plaintiff and did Falsely make himself the supervisor that Middlebrooks was grieving did prevent the plaintiffs due process rights to redress of grievance..

Sostre v. McGinnis, supra, 442 F. 2d at 189 "(t)he Constitution protects with special solicitude . a prisoners access to the courts See also Bounds v. Smith 430 U.S. 817, 97 S. Ct 1491, 52 L. Ed. 2d. 72 (1977); Johnson v. Avery, 393 U.S 483; 89 S. Ct. 747, 21 L.Ed . 2d 718 (1969).

7. On November 29th 2022 Cpl, Ward did with intent alter the source and cause of the grievance process, (by falsely claiming that the Plaintiff Donald Ray Middlebrooks 129769 was grieving a complaint/grievance against a medical diagnosis by medical professionals & medical CO-pay, and did with forethought dismissed the grievance as inappropriate because,

Your grievance has been deemed inappropriate to the grievance procedure. 8.A diagnosis by medical professional and medical CO-pay is inappropriate. (501.01 VI. H.8) (NOTE!) The grievance was filed against security staff removing medical items from my cell not medical diagnosis. Again this is a clear violation of the plaintiffs due process rights by CPL Ward the grievance Clerk.

14.. Grievance must be filed within seven (7) calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues. (501.01. VI. C.1). NOTE! The grievance in question was filed the same day and addressed only one issue (Security removing my A.V.O medical device. Again this is a clear attempt on Ward the grievance Clerk to deny me my due process rights.

Talley v. Stephens, 247 F. Supp 683 at 686, More specifically, prison authorities are not permitted to inflict upon convicts cruel and unusual punishments for violations of prison rules; They may not discriminate invidiously against a prisoner or class of prisoners; and they may not deny to a prisoner reasonable access to the courts to test the validity of his confinement or to secure judicial protection of his constitutional rights. See; Cooper v. Pate, 378 U.S. 546. 84 S. Ct. 1733, 12 L. Ed. 2d 1030; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89, L. Ed 1348; Ex parte Hull, 312 U.S. 546, 61 S. Ct 640, 85 L. Ed. 1034; U.S. ex rel. Knight v. Ragen, 7 Cir. 337 F.2d 425; McCloskey v. State of Maryland 4 Cir 337 F. 2d 72; Childs v. Pegelow, 4 Cir, 321 F.2d 487; Roberts v. Pegelow, 4 Cir 313 F. 2d. 548; Sewell v. Pegelow 4 Cir, 291. F.2d 196;

Coleman v. Johnson 7 Cir, 247 F. 2d 273; Mason v. Cranor, 9 Cir, 227 F. 2d 557; Tabor v. Hardwick, 5 Cir 224 F.2d 526; Coffin v. Reichard, 6 Cir 143 F.2d 443, 155 A.L.R. 143. Prior exhaustion of available remedies in the State Courts before relief is sought in the federal courts is not required. Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed. 2d 492

8. on 12 02 2022 I Donald Middlebrooks 129769, the plaintiff did appeal the grievance Since the removal of my much needed medical device I have been bleeding from my rectum and haveing serious back pains in which the device was given to alleviate. I have had to be x-rayed in my back area. since such neglect of my medical needs.

Hoptowit v. Ray, 682 F. 2d. 1237 at 1246, ...Rather the Eighth Amendment proscribes the unnecessary and wanton infliction of pain," which includes those sanctions that are " so totally without penological justification that it results in the gratuitous infliction of suffering. Gregg v. Georgia, 428 U.S.153, 173, 183,. 96 S. Ct 2909, 2925, 2929, 49 L.Ed. 2d 859 (1976), see also, Rhodes v. Chapman, supra, 101 S. Ct ae 2399. This includes not only physical torture but any punishment incompatible with "the evolving standards of decency that mark the progress of a maturing society," Trop v Dulles, 356 U.S. 86, 101, 78 S. Ct, 590, 598, 2 L.Ed. 2d, 630 (1958), See also, Estelle v. Gamble, 429 U.S. 97, 102. 97 S. Ct. 285, 290, 50 L. Ed, 2d 251 (1976)

## 9-11 is offered to this Court to show the history and mind set of Associate Warden Michael Keys in dealing with prisoners health care problems.

9. It is well documented that I have Gran-Mal Seizures and often due to the intense action of said seizure, harm myself. The Associate warden Michael Keys who was in the place of unit Manager of unit two where the plaintiff is located knows from having dealt with the plaintiff, that he has these serious seizures that can and do cause him harm. On one occasions, the plaintiff had had a seizure and was laying in his human waste unable to move when medical was called. SGT. Moyer along with the medical personal came to the Plaintiffs cell door, and disregarding Plaintiff injuries and post seizure state told the plaintiff to come up to the door and sine the money withdraw, the plaintiff who was injured and in post seizure was unable to comply and medical refused to assist the plaintiff of his injuries caused by the seizure. Middlebrooks, the plaintiff reported this action of medical and security staff CPL Moyer to the then unit manager Michael Keys who asked the plaintiff "What is your health worth"? After a moment of pleading with the unit managers Keys told the plaintiff Middlebrooks that from now on he needed to crawl through his human waste and sine a money withdraw because he was not going to do this all the time. Unit Manager Keys called Medical and asked the to have a medical withdraw filled out prior to responding to the plaintiffs Middlebrooks, seizures.

Ramsey v. Ciccone 310 F. Supp 600 at 605 ( There is a constitutional duty to provide needed

medical treatment to a prisoner because the intentional denial to a prisoner of needed medical treatment is cruel and unusual punishment, and violates the 8th amendment to the constitution of the United States.

10. Assistant Warden Michael Keys is **aware** of the seizures that the plaintiff has due to the repeated attempts to have a **handicap housing** constructed in unit two. The then unit manager Keys said he was not going to have such a thing. The plaintiff contacted handicap Tennessee for assistance. The attorney Kelsey Craig Legal Fellow, 2 International Plaza, Suite 825, Nashville Tennessee 37217, Phone Number 615-298-1080 Office (From Handicap Tennessee) attempting to help the plaintiff was denied by Riverbend to help the plaintiff obtain constructed a handicap cell funded by the Federal Government. The Plaintiff cited the handicap law of Congress in dealing with state institutions but to no avail, The State of Tennessee receive federal funds to correct handicap structures in public buildings and institutions.

Williams v. Vincent 508 F. 2d 541 at 544-545, needed and requested medication while in solitary following the injury, but that such request were callously refused or ignored . <u>Allegations of such willful refusals of requested medication by prison officials, especially in the circumstances described in the complaint, State a cause of action under section 1983</u>, See Bishop v. Stoneman, 508 F. 2d. 1224 (2d Cir 1074) Corby v. Conboy 457 F. 2d 251, 254 (2d Cir 1972).

11. The plaintiff Donald Middlebrooks has continued to hurt, pass blood and have X-rays including stool samples. but with no aid to his medical needs

Hoptowit v. Ray 682 F. 2d, 1237 at 1246 ' D. Analytical Framework.

In analyzing claims of Eighth Amendment violations, the courts must look at discrete areas of basic human needs. As we have recently held, " " **<u>(A)n institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety" Wright v. Rushen, 642 F.2d 1129, 1132-1133 (9th Cir 1981) (Wright) quoting Wolfish v. Levi, supra, 573 F. 2d. at 125.</u>**.

FIRST CAUSE OF ACTION

1. The grievance procedure is irrepealable broken by violating most all policies in place that would legitimately govern said operation of it.

2. T.C.A. § 41-1-408, has been clearly violated by the defendants in denying the plaintiff a prisoner of T.D.O.C. medical treatment. and care,§ 41-1-408 States, The department of Corrections **shall** provide adequate medical care, including twenty-four-hour emergency care, at all prison facilities. The Department may contract with the county health department or other appropriate entities. 1983 Pub. Acts, c. 467 § 8.

3. T.C.A. § 41-1-409, Facilities construction, Namely Riverbend Maximum Security Institution (Unit Two (2)) has been faulty and ineffective in providing handicap housing in unit

two Death Row for the state of Tennessee. T.C.A.§ 41-1-409 states, If the department is planning the construction of additional state prison facilities, whether using inmate labor or otherwise, the commissioner shall determine if the requirements of applicable building or fire codes would compel additional expense but are not necessary for the health or safety of the inmates, state building commission, which shall approve or disapprove them. 1983 Pub. Acts c. 467, § 9

Riverbend Maximum Security Institution Unit Two (2) is without handicap celling and has been since the opening of Riverbend in 1989. even after Michael Keys the unit Manager was advised of the federal funds given to the state of Tennessee for such construction in buildings and institutions already established, Michael Keys (The Unit Manager) did refuse all handicap housing in Unit Two. Because the institution is in direct violation of Constitutional and Civil Law and a breach of the Congressional order Riverbend Maximum Security Institution should be Deemed unconstitutional and closed for failure to provide handicap care.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court grant him the following relief:

1.. Declare that Defendants' practices of Removing Doctor approved medical treatment and devices which resulted in the Plaintiffs Mental anguish and suffering and Physical harm, violates the 8th & 14th Amendments Of the United States. U.S.C.A.

2. Issue injunctive relief ordering Defendants "Immediately" to Return the medical approved device or to replace such devices that are approved by medical within 30 days of the issuance of the Court's order to provide relief from chronic pain, treatment of his health care issues and the provision of adequate mental health treatment.

3. Exercise the Court's discretion to provide funds, either through the funds available to this court or through combination with the Federal Public Defender's Office for the Middle District of Tennessee, so that Mr. Middlebrooks can engage appropriate experts, including a psychiatrist and physician;

4. Award Plaintiff compensatory and punitive damages in amounts determined appropriate at trial;

5. Award the costs of this suit and reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988, and other applicable law;

6. Retain jurisdiction of this case until Defendants have fully complied with the orders of this Court; and

7. Order the Defendants in their individual person, be fined $1.000 a day for each day, per prisoner (with A.V.O) that has been forced, inspite of their mental anguish to go without their

medical issued devices.

8. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Donald Middlebrooks # 129769
R.M.S.I. U-2-A-105
7475 Cockrill Bend Blvd.
Nashville, Tenn. 37209

I Donald Ray Middlebrooks, hereby swear under the penalty of perjury, that the forgoing information is true and correct and based upon personal knowledge of the facts stated herein. 28 U.S.C. § 1746

Respectfully submitted,

*[signature]*

Donald Ray Middlebrooks # 129769
R.M.S.I. Unit 2 A-105
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209

CERTIFICATE OF SERVICE

I *[signature]* hereby certify I mailed a true & exact copy of foregoing Civil Rights Complaint, to: (1) Office of the State Attorney General, at PO Box 20207, Nashville, Tenn. 37202; & (2) U.S. District Court 801 Broadway Room 825, U.S. Courthouse, Nashville, Tenn. 37203, via U.S. first class mail on this the 12th day of January 2023.

*[Notary seal: MAISHA MILLS, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY]*
*[signature]* M. Mills
1-12-23



Donald Middlebrooks 129769
R.M.S.I Unit 2 A-105
7475 Cockrill Bend Blvd
Nashville, TN 37209-1048

RECEIVED
JAN 1 6 2023
RMSI
MAILROOM - OUTGOING

RECEIVED
JAN 2 0 2023
U.S. District Court
Middle District of TN

TO: U.S. District Court
801 Broadway Room 825
U,S, Court House
Nashville, TN 37203