IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD MIDDLEBROOKS ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:23-cv-0054 |
| ) | Judge Richardson/Frensley |
| LISA HELTON, COMMISSIONER, ) | |
| ET AL ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a motion filed by the pro se prisoner Plaintiff, Donald Middlebrooks styled "Motion for Protection Order Notice of Retaliation Actions Against Plaintiff." Docket No. 27. The Defendants have filed a response in opposition to the motion. Docket No. 34. Plaintiff has filed a "Response to Defendants Answer in Opposition of Protection Order." Docket No. 38. For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion be **DENIED**.

## BACKGROUND

The Plaintiff, an inmate on death row at Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee filed this action under 42 U. S. C. § 1983 against various Defendants. Docket No. 1. In addition, he raised alleged violation of Tennessee state law. *Id.* On initial review, the Court found that the Plaintiff's allegations state colorable claims under §1983 for deliberate indifference to medical needs against Defendant Keys in his individual capacity; an official capacity claim for injunctive relief against the relevant TDOC official based on RMSI's inmate medical device policy; conditions of confinement claim against Defendant Keys based on his role in Plaintiff's placement in a non-accessible cell while housed on death row; and official capacity claim for injunctive relief against the relevant TDOC official based on an alleged TDOC

or RMSI policy for failing to provide accessible housing to inmates on Tennessee's death row. Docket No. 13. The Court further indicated it would exercise supplemental jurisdiction over Plaintiff's state law claims and allow them to proceed for further development. *Id.* The Court allowed Plaintiff the opportunity to amend his complaint (Docket No. 12) which he did (Docket No. 14) and the Court entered a screening order under the Prison Litigation Reform Act ("PLRA") identifying the Plaintiff's second amended complaint as the operative complaint and allowing certain of the Plaintiff's claims to proceed while others were dismissed. Docket No. 19.

The Plaintiff filed the instant motion regarding an incident on August 4, 2023, wherein he alleges Defendant Dennis Davis, improperly withheld legal mail sent to the Plaintiff at RMSI from his attorney. Docket No. 27. He asserts that the mail was not delivered to him in retaliation for him bringing the instant lawsuit against the Defendants. *Id.* He requests "an order of protection or restraining order against the Defendant and the TDOC for the actions taken and complained of in this motion." *Id.* at p. 6.

Specifically, he alleges on July 28, 2023, Defendant Dennis Davis made clear to all inmates in Plaintiff's pod that he was upset about the civil action filed against him by the Plaintiff by slamming a copy of the lawsuit down on a table in the middle of pod. Docket No. 27, p. 1. Thereafter, he asserts that a notice was posted on the door of both A and B pods informing inmates that Unit 2, A pod would be off limits until further notice. This included the law library and there was no reason to keep inmates from visiting the law library except in response to the filing of Plaintiff's lawsuit. *Id.* at p. 2.

On August 4, 2023, Plaintiff was called to receive legal mail from his attorney. *Id.* After the package, which contained a CD of material was opened in front of the Plaintiff, he was advised that Defendant Davis would need to examine the disc for contraband. *Id.* Examination of the

2

materials is admitted by the Plaintiff to be a "normal operation," as "all legal materials written or on CD are examined for contraband." *Id.* Defendant David did not immediately review the legal materials and due to the intervening weekend, Plaintiff was advised that he would have to wait until Monday or Tuesday evening to get his disc back. *Id.* Plaintiff filed the instant action before the disc was returned to him and asserted his concern that Defendant Davis was able to review, copy or share the information from his attorney and that it might otherwise not be secure. *Id.* at pp. 2-3.

The Defendants have filed a response in opposition to the motion wherein they assert that the Plaintiff cannot point to any evidence beyond his own statements which corroborate his version of the events thus making it unlikely he could succeed on the merits. Docket No. 34. While noting that the allegations in the Plaintiff's motion are outside the scope of his pending lawsuit, Defendants assert there is no causal connection between the events outlined in the motion and Plaintiff's filing of the instant lawsuit. *Id.* pp. 5-8. Relying on the declaration of Defendant Davis, Defendants note that the disc was returned to the Plaintiff on Monday, August 7, 2023, and as a result, Plaintiff does not allege and cannot prove that he suffered any injury from this short delay in receiving the legal materials. *Id.* at p. 8. They further argue that because there is no ongoing constitutional violation for the Court to remedy, as the CD has already been returned to the Plaintiff, the relief he seeks is moot. *Id.* at p. 9.

In reply, the Plaintiff states that he can "prove he did not receive the legal mail from his attorney for over two days." Docket No. 38, p. 3. He argues that an Order from the Court is necessary to ensure that he will "suffer no more acts of retaliation by the Defendants and each of them." *Id.* at p, 5.

3

Case 3:23-cv-00054   Document 65   Filed 12/21/23   Page 3 of 8 PageID #: 704

# LAW AND ANALYSIS

## A. Standard of Review

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial of the merits can be had. *Certified Restoration Dry Clean Network, LLC v. Tenke Corp.*, 511 F. 3d 535, 542 (6th Cir. 2007)(citations omitted). The decision as to whether to issue a preliminary injunction is committed to the trial court's discretion. *N. E. Ohio Coal v. Blackwell*, 467 F. 3d 999, 1009 (6th Cir. 2006)(*Patio Enclosures Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002). Preliminary injunction is an extraordinary remedy to be applied only in the limited circumstances which clearly demand it. *Leary v. Daeschner*, 228 F. 3d 729, 739 (6th Cir. 2000).

The moving party has the burden of proving that the circumstances "clearly demand" a Preliminary Injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a preliminary injunction "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retied Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(*en banc*)(internal quotation marks omitted).

These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir., December 17, 2009)(quoting *Six Clinics Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is the likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 Fed. Appx. 964, 967 (6th Cir. 2002)("[t]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Natural Resources Defense Council*,

*Inc.,* 555 U. S. 7, 22-23, 129 S. Ct. 365, 172 L. Ed 2d 249 (2008)(rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction")(emphasis in original). "A finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzalez v. National Board of Medical Examiners*, 225 F. 3d 620, 625 (6th Cir. 2000).

"Pro se litigants have the right to be heard in federal courts and represent themselves. Derived directly from section 35 of the Judiciary Act of 1789, 28 U.S.C. § 1654 guarantees the right to proceed pro se in civil actions in federal courts. It provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Greene v. Frost Brown Todd, LLC*, 856 F. 3d 438, 439 (6th Cir. 2017).

While pro se litigants must comply with the procedural rules that govern civil cases, a pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Hank McNeil v United States*, 508 U. S. 106, 113 (1993); *Haines v. Kerner*, 404 U. S. 519, 520-21 (1972).

B. **Plaintiff's Motion**

While not styled as such, the Court will treat the Plaintiff's motion as a request for preliminary injunction. While the relief the Plaintiff seeks in this motion is outside the scope of the allegations pled in his Complaint, he appears to draw a connection between the filing of his Complaint and the conduct which he seeks an Order from the Court to enjoin. Docket No. 27. The Court will therefore consider the request against the factors the Court must take into account in determining whether to grant a request for preliminary injunction.

As initial matter, the Court notes that the issues raised in the Plaintiff's instant motion are beyond the scope of the claims asserted in the underlying Complaint in this case. The claims currently asserted in this action by the Plaintiff do not include access to the courts claims. Instead, the claims in the Plaintiff's Complaint allege deliberate indifference to his medical needs. Further, based upon the numerous pleadings filed by the Plaintiff in this case there is no question that he has been able to avail himself to the courts.

The undersigned recommends that the Motion be denied as the relief Plaintiff seeks is unrelated to the claims in the underlying lawsuit. As noted above, when addressing preliminary injunctions and TROs, courts assess four factors. In addition to the four-factor test, "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *King*, No. 5:15-cv-P185, 2017 WL 366355, at *2 (W. D. Ky. Jan. 20, 2017); *Colvin v. Caruso*, 605 F. 3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington,* 42 F. 3d 470, 471 (8th Cir. 1994)). As the Sixth Circuit explained, "This is because [t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines,* 111 F. 3d 14, 16 (4th Cir. 1997)) (alterations in original and internal quotation marks omitted).

District courts in this Circuit have also denied motions for TROs for the same aforementioned rationale articulated by the Sixth Circuit concerning preliminary injunctions. *See, e.g., King*, 2017 WL 366355, at *2 (denying a motion for a TRO and preliminary injunction because the relief requested in the motion was unrelated to the underlying lawsuit). Likewise, "A motion for a TRO or preliminary injunction is not the means by which a plaintiff already in court

6

on one claim can seek redress for all other conditions of confinement that he finds actionable." *Arrington v. Scott*, No. 1:12-cv-529, 2013 WL 1080298, at *1 (W.D. Mich. Jan. 7, 2013). Thus, the undersigned recommends the Motion be **DENIED**.

Notwithstanding the foregoing, the Plaintiff has failed to satisfy the elements necessary for him to obtain the extraordinary relief of a preliminary injunction in this matter. Specifically, the Plaintiff cannot establish irreparable harm or strong likelihood of success on the merits.

The facts critical to the resolution of the Plaintiff's instant motion are all essentially undisputed. First, the legal materials at issue were clearly subject to screening prior to being provided to the Plaintiff. Thus, Plaintiff's only concern is the length of time it took to complete that procedure. Here, the length of time was relatively short and involved an intervening weekend. While it might be preferable for the Plaintiff to have received the information on the same day, the Court cannot find that the relatively short delay in this case was of great consequence. Additionally, it is undisputed that Plaintiff did receive the materials and therefore, injunctive relief is neither necessary nor appropriate. Finally, there is no evidence in the record as to how the Plaintiff was harmed by the short delay in receiving the legal material or certainly that prospective injunctive relief would prevent some identifiable harm.

Because the delay in the Plaintiff receiving legal materials was short, he has in fact received the materials at issue and there is no evidence that the delay resulted in any harm to him; the Plaintiff cannot satisfy the factors necessary to support entry of an injunction. In the absence of any evidence of a substantial likelihood of success on the merits or irreparable harm, there is no injury that would outweigh the public interest in the orderly administration of the prison systems. Thus, there is no basis for the Court to enter the extraordinary relief requested by the Plaintiff in this motion.

## CONCLUSION

For the reasons set forth herein, and because the Plaintiff can show neither a strong likelihood of success on the merits or irreparable harm because of the conduct alleged, the undersigned recommends that the Plaintiff's "Motion for Protection Order Notice of Retaliation Actions Against Plaintiff' (Docket No. 27) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**