IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD MIDDLEBROOKS, | ) |
|    Plaintiff, | ) |
| | ) NO. 3:23-cv-00054 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| LISA HELTON, et al., | ) |
|    Defendants. | ) |

## ORDER

Pending before the Court are two Report and Recommendations (each referred to herein as an "R&R") of the magistrate judge from December 21, 2023 (Doc. Nos. 64 and 65), as well as Defendant Kyla Solomon's Motion to Dismiss (Doc. No. 66, "Motion to Dismiss").

The first R&R (Doc. No. 64) recommends that the Court deny Plaintiff's motion for a preliminary injunction (Doc. No. 23). The second (Doc. No. 65) recommends that the Court deny Plaintiff's "Motion for Protection Order Notice of Retaliation Actions Against Plaintiff" (Doc. No. 27), which the magistrate judge construed as also asking for a preliminary injunction. Plaintiff has not filed an objection to either R&R, and the time for filing objections has now expired.[1]

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1

---

[1] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation. For pro-se plaintiffs, like Plaintiff, the undersigned district judge is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail.
  The Court notes that, unsurprisingly, Defendants likewise did not file an objection to either R&R.

(E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Plaintiff has likewise failed to respond to the Motion to Dismiss. Defendant Kyla Solomon's motion asks the Court to dismiss the claims against her for "a lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted." (Doc. No. 66 at 1). The Motion to Dismiss was filed on December 22, 2023, and appended thereto is a certificate of service reflecting that Plaintiff was served with the Motion to Dismiss via a mailing to his address of record in this case. (Doc. No. 66 at 4). Pursuant to Local Rule 7.01(a)(3), "If a timely response is not filed, the motion shall be deemed to be unopposed[.]" As such, Plaintiff's Motion is GRANTED as unopposed, and Plaintiff's claims against Defendant Kyla Solomon are dismissed.

The question remains as to what kind of dismissal this is. The primary assertion in the Motion to Dismiss is that this Court lacks personal jurisdiction over Defendant Kyla Solomon; only secondarily does she assert non-jurisdictional grounds for dismissal. (Doc. No. 65 at 1-3). The Court opts to treat the dismissal consistent with the primary thrust of the Motion to Dismiss, i.e., as a dismissal for lack of personal jurisdiction. This kind of dismissal is one without prejudice.

## CONCLUSION

As set forth above, both R&Rs (Doc. Nos. 64 and 65) are adopted as unopposed, and the motions at Doc. Nos. 23 and 27 are DENIED. Defendant Kyla Solomon's Motion to Dismiss (Doc.

No. 66) is GRANTED, and the claims against Defendant Kyla Solomon are dismissed without prejudice. The Clerk is DIRECTED to terminate Kyla Solomon as a Defendant.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE