RECEIVED
JAN 25 2024
U.S. District Court
Middle District of TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, DIVISION

| | |
|---|---|
| DONALD MIDDLEBROOKS, | ) |
| Plaintiff, | ) Case No: 3:23-cv-00054 |
| v. | ) JUDGE RICHARDSON<br>) MAGISTRATE JUDGE FRENSLEY |
| LISA HELTON, *et.al.*, | ) |
| Defendants, | ) |

## ANSWER TO COURT RECOMMENDATION Doc. 64

Comes now the Plaintiff, Donald Middlebrooks, by and through himself, and respectfully submits this answer to the courts recommendations in the above styled cause. In support of this notification, the following will be shown.

1.) On the 8th day of January, 2024, the plaintiff was notified, via U.S. Postal Mail a report and recommendation from the Honorable Magistrate Frensley. Doc. 64. On page ID # 696, second paragraph, the court states that there is no record of Plaintiff requesting any sick calls in 2-23 concerning back pain or requesting a replacement mattress related to the order which expired May 27, 2022. What this Honorable Court must take into consideration is simply not everything is taken care of through "Sick Call." First the plaintiff stated and the record is quite clear on the fact that he has had that Egg Crate Mattress for a number of years, as had all of the other inmates in Unit 2. Medical does not routinely replace medical devices until they wear out. The fact that Medical only gave the A.V.O. for a single year is not remarkable because when they do need to replace a device, that was when they issued a new A.V.O., for that device. Otherwise, as long as the inmate

1

took care of the device and it did not wear out, he kept it. This kept Medical from needless and continual paperwork to reissue as well as the cost of replacing devices that were in working order.

2.) Plaintiff agrees with the last paragraph of the recommendation Doc. 64-page Id. #696 and would further state the following. At this time, the plaintiff would incorporate Doc. 23, his motion for injunctive relief. What this Honorable Court must take into consideration is simply the fact that the Egg Crate mattress, although issued because of his back problems, the discomfort came because of the seizures he constantly experiences. In defendants response Doc. 33, page Id# 408, defendants make the statement that; "Defendant Key's testimony demonstrates that there is no nexus between Plaintiff's seizure disorder and the reason for his being prescribed a particular mattress pad." The plaintiff understands the expertise in which Defendant, Doctor Michael Keys, understands that the plaintiffs seizures have nothing to do with nor do they cause him any kind of discomfort when they occur. (REALLY). The plaintiff flips, flops, twists and his body contorts painfully all the while he is bouncing off of concrete walls, concrete floors, and a metal toilet and sink. Common sense dictates that this may be just a little painful. The plaintiff submits that it is more than just a little painful, it can be and is has been excruciating. At times, when the plaintiff awakens from a seizure, he is not only bruised, he is also bloody. Doc. 37. Couple this condition with the fact that his bowls and bladder are loosened during the seizures and you can see just how silly and meaningless Defendant Doctor Michael Keys' declaration / diagnosis is. He truly has no idea and would try through the State Attorney Generals office to have more knowledge than he has. During Defendant Keys testimony he further states that T.D.O.C. policy 113.08, allows him to over ride a doctors medical order if security is an issue. In reading this un-promulgated policy, the plaintiff would submit that he is given the authority to do just that action – BEFORE – the item is issued, not AFTER, nor several years after its proper approval.

2

3.) Plaintiff submits that he has in fact given enough "factors" to consider granting him injunctive relief. What this Honorable Court must take into consideration is simply the fact that the reasoning behind the plaintiffs notice to this Honorable Court concerning the defendants and each of them (bad faith) dealings with the courts in the past is because this Court is relying on their declarations, testimonies, and statements to deny the plaintiff his requested injunctive relief. The plaintiff would further state that the Defendants have not changed their "Modus Operandi" when dealing with the Courts.

4.) Doc. 64-page ID.# 699 this Honorable Court makes the statement that; 2.) Further, it does not appear that he has suffered any harm related to his seizures in the absence of the mattress pad... What must be taken into consideration is simply that since the Plaintiff has filed against Medical, they have become indifferent to the plaintiff's health. Just for an example, the plaintiff was scheduled for a colonoscopy because he was continually bleeding from his rectum. It took over a year to get the test done, where he had eight (8) polyps removed. He suffered from over six (6) delays, for one reason or the other, he submits for retaliation. Medical does not log the seizures plaintiff suffers from, nor does security pay any attention to them. Just because the plaintiff is still breathing does not mean he is not suffering from the lack of a soft place to lay his bruised and bleeding body after a seizure.

**CONCLUSION**

Sergeant Colt Lloyd, security supervisor of Unit 2 told the plaintiff that he was not going to log any seizures he had in or on any record. He then referred the plaintiff to medical. This happened at 9:00 a.m. on 11-14-2023. This was not the first time Sergeant Lloyd refused to log any medical problems or seizures in the Unit 2 log book. This is just the only time that the plaintiff

3

made note of the time and date this happened. The "evening key" security staff is just as oblivious to any medical needs inmates have in the Unit.

The plaintiff submits that the record he has placed before this Honorable Court is true and correct, accompanied by affidavits of other inmates, as well as exhibits of the defendants actions and omissions. The plaintiff submits that he has complied with all four (4) requirements when requesting injunctive relief and for this reason should be granted the relief he has requested.

Respectfully Submitted,

*[signature]*
Donald Middlebrooks # 129769
R.M.S.I. Unit 2 A-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

## CERTIFICATE OF SERVICE

I Donald Middlebrooks #129769, do hereby swear and aver that I have sent a copy of the foregoing responsive motion, via first class mail, postage prepaid to:

Megan Collver
Attorney for Defendant Solomom
620 Market St. 5th Floor
Knoxville, Tennessee 37901

Demetrius Daniels-Hill
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

This the 12th day of January 2024.

*[signature]*
Donald Middlebrooks #129769

4

Donald Middlebrooks 129769
RMSI UNIT2 A-110
7475 Cockrill Bend Blvd
Nashville TN 37209-1048

RECEIVED
JAN 25 2024
U.S. District Court
Middle District of TN

RECEIVED
JAN 17 2024
RMSI MAILROOM
OUTGOING LEGAL

U.S Courthouse
Middle District of TENNESSEE
719 Church Street, Suite 1300
Nashville TN 37203

Legal Mail
3:23-CV-00054



A-Pod Mail
7:45 PM
1/15/24
DLM