IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD MIDDLEBROOKS   )
           )
           )  No. 3:23-cv-00054
v.            )
           )  JUDGE RICHARDSON
           )
LISA HELTON, ET AL.    )
           )

## ORDER

Pending before the Court[1] is the Report and Recommendation issued by the Magistrate Judge (Doc. No. 121, "R&R"), wherein the Magistrate Judge recommends that the Court grant the Motion for Summary Judgment (Doc. No. 107, "Summary Judgment Motion") filed by Defendants Tennessee Department of Correction, Ernest Lewis, Michael Keys, Dennis Davis, Raymond Moyer, and Amy Rafferty (hereinafter "Moving Defendants"), and dismiss this action in its entirety. (Doc. No. 121 at 21). Plaintiff filed an "Objection to Report and Recommendation" (Doc. No. 123, "Objections"), which (as its title suggests) did clearly purport to make objections to the R&R. As of the date of this Order, no response to the Objections has been filed.

The Court resolves Plaintiff's Objections based on the parties' submissions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court overrules the Objections, adopts the recommendations of the Magistrate Judge in the R&R, grants Defendants' Summary Judgment Motion, and dismisses the action in its entirety.

---

[1] Herein, except in quotations of the Magistrate Judge, references to "the Court" are to the undersigned District Judge, as distinguished from the Magistrate Judge.

## **BACKGROUND**

Plaintiff does not dispute the underlying circumstances of this case and procedural history, as laid out by the Magistrate Judge in the R&R. As such, the Court adopts that factual background in its entirety and quotes it (including the sole footnote therein, which was numbered 4 therein and 2 herein) for reference:

Plaintiff has been confined at RMSI since 1989. (Docket Entry No. 14 at 3.) Plaintiff asserts that he suffers from several medical conditions that are well known to prison staff and for which he has received medical treatment at the RMSI. He experiences grand mal seizures, which can render him unconscious and put him at risk of injury due to falling. He receives prescribed medication for this condition and has also been provided with a protective helmet that he is permitted to keep on his person so that he can put it on if he feels the onset of a seizure. Plaintiff also suffers from back and spine pain. He also alleges that he has also experienced rectal bleeding at times.

At some point prior to 2022, a now deceased prison doctor, Dr. Sidberry, issued a medical order, or "AVO," that permitted Plaintiff to have an "eggshell mattress"[2] in his cell to alleviate his back pain. Plaintiff alleges that, on November 23, 2022, security staff removed the eggshell mattress pad from his cell despite his protest that he had a medical order for the mattress pad. He further alleges that he was told that it was too costly to replace the mattress pad. Plaintiff asserts that he has suffered continued pain and rectal bleeding since the removal of the mattress pad. He specifically identifies Defendants Rafferty and Keys as having been involved in the removal of the mattress pad and alleges that Defendants Lewis, Moyer, and Davis were aware of his continued need for the medically ordered mattress pad but took actions to deny or interfere with his medical treatment.

Plaintiff also alleges that, on an unknown date, he had a seizure that rendered him unable to move and that he "was laying in his human wastes unable to move" when the medical staff and Defendant Moyer arrived at his door and wanted him to sign a withdrawal slip to received medical help, which he could not do because of his condition at the time. (Docket Entry No. 14 at 4.) He asserts that Defendant Keys, when alerted to the matter, "called medical and asked the[m] to have a medical withdraw filled out prior to responding to [Plaintiff's] seizures," but told Plaintiff that the next time he needed to sign the form even if he "needed to crawl through his human waste." (Docket Entry No. 1 at 10 and similarly stated in Docket Entry No. 14 at 4).

_____

[2] Although not clearly explained by either party, the term "eggshell mattress" appears to refer to a mattress pad that provides additional foam cushioning on top of the regular mattress.

Plaintiff finally alleges that the living conditions in Unit 2 do not accommodate handicapped inmates and that prison officials have historically been opposed to remedying the problem. He alleges that Defendant Lewis ordered the removal from the unit of wheelchairs that were used to transport Plaintiff to medical when he had a seizure and that were used by other handicapped inmates. (Docket Entry No. 14 at 11.) He alleges that the cells in Unit 2 do not have handrails around the toilet, shower, and bed, that the emergency call button in the cells are located near the door and are of no use if the inmate is unable to walk from his bed to the door, that there is no safety step in front of the shower, and that there is not a covering on the floor of his cell to prevent him from injuring himself prior to or during a seizure. (*Id*. at 11 and 70.)

(Doc. No. 120 at 3-4).

In their Summary Judgment Motion, Moving Defendants raise the following four arguments:

(1) Plaintiff failed to fully exhaust administrative remedies for his claims through the RMSI prison grievance process prior to filing his lawsuit, as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e;

(2) the undisputed evidence shows that all eggshell mattress pads, not just the one in Plaintiff's cell, were removed from Unit 2 as a security measure because of concerns about the flammability of the mattress pads, and so no evidence that Plaintiff was treated with deliberate indifference or otherwise treated in a manner that violated his Eighth Amendment rights;

(3) there is no evidence before the Court that shows that TDOC has violated the ADA or Rehabilitation Act with respect to Plaintiff's housing in Unit 2; and

(4) finally, Defendants contend that the Court should not exercise supplemental jurisdiction over Plaintiff's state law claims if summary judgment is granted to Defendants on the federal claims. Alternatively, they contend that they contend that the state law claims nonetheless lack merit.

(Doc. No. 107-1.) Plaintiff's response to the Summary Judgment Motion was two-fold. First, he asserted that Moving Defendants rely upon portions of his medical records that he contends were obtained in violation of the Healthcare Insurance Portability and Accountability Act of 1996 ("HIPAA"). To remedy this alleged wrongdoing, he filed a motion to strike (Doc. No. 110, "Motion to Strike") the Summary Judgment Motion and what the Court treats as a motion (Doc.

No. 111, "Motion for Sanctions") for sanctions and criminal charges. Second, Plaintiff filed an "Answer to Specifics of Defendant's Motion for Summary Judgment" (Doc. No. 112), which directly responded (or at least purported to respond) to particular portions of the Summary Judgment Motion.

Moving Defendants filed a response (Doc. No. 114) in opposition to both of Plaintiff's motions, in which they disputed that any HIPAA violations or other wrongdoing have occurred regarding their access to Plaintiff's relevant medical records.[3] Defendants also filed a reply (Doc. No. 117) to Plaintiff's response to the Summary Judgment Motion, arguing that Plaintiff has not actually disputed the evidence upon which Moving Defendants rely and has not rebutted their arguments for summary judgment. Finally, Plaintiff submitted an "answer" (Doc. No. 118) to Defendants' reply, which the Court construed as a sur-reply; therein, Plaintiff addresses Defendants' PLRA exhaustion defense and reiterates his arguments as to why the Moving Defendants are not entitled to summary judgment.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review de novo any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.A. § 636(b)(1). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Federal Rule of Civil Procedure 72(b). *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). Furthermore, Local Rule

---

[3] Via a separately entered order (Doc. No. 120), of which Plaintiff did not seek review from the Court, the Magistrate Judge addressed and denied Plaintiff's Motion to Strike and Motion for Sanctions.

72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. See Fed. R. Civ. P. 72(b)(2); L.R. 72.02(a). "A general objection to a report and recommendation is insufficient to preserve an issue for appeal; instead, a party must 'explain and cite specific portions of the report' the party objects to." *Sallaz v. Comm'r of Soc. Sec*., No. 23-3825, 2024 WL 2955645, at *7 (6th Cir. June 12, 2024) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)).

"The consequence of a failure to object to a specific portion of the report and recommendation is waiver of review of th[e] issue" raised by the objection. *Derring v. McKee*, No. 1:04-CV-796, 2006 WL 416255, at *1 (W.D. Mich. Feb. 22, 2006) (citing three different Sixth Circuit opinions, albeit with the pinpoint cite to the first cited case off by one page). As such, the Court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which Plaintiff does not make a specific objection. *Ashraf v. Adventist Health System/Sunbelt, Inc*., 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec*., No. 3:18-CV-0010, 2018 WL 6322332, at *2 (M.D. Tenn. Dec. 4, 2018).

Thus, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed de novo the Report and Recommendation, the Objections, the Motion for Review, and the file. For the reasons set forth below, the Objections (including those raised in the Motion for Review) are overruled, and the Report and Recommendation is adopted and approved.

## ANALYSIS

Here, via his Objections, Plaintiff has raised one specific objection to the R&R: the assertion that contrary to the R&R, he did in fact exhaust his administrative remedies, although he

is unable to provide proof of his efforts because the paperwork has been lost or destroyed by prison staff. (Doc. No. 123 at 1).

In considering the Objections, the Court also considers the record as a whole, including that the Plaintiff did not respond to Moving Defendants' Statements of Undisputed Material Facts ("SUMF"), which per Local Rule 56.01(f) deems facts asserted in the statement of undisputed material facts to be undisputed for the purposes of summary judgment.[4] *See* LR 56.01(f). Accordingly, as pointed out in the R&R, the Court is, within its discretion, permitted to rely upon the facts set forth by Moving Defendants in their SUMF as the undisputed facts. Thus, the Court accepts as undisputed the following evidence as laid out in Moving Defendants' SUMF:

> (1) Plaintiff did not file any grievances between October 31, 2021, and January 20, 2023, about his need for a handicap accessible cell, his need for modifications to his cell, or his need for a wheelchair in his unit (Doc. No. 107 at ¶ 21).

> (2) Plaintiff filed a grievance about the removal of the eggshell mattress pad, but his did not pursue this grievance though all available levels of the grievance system (*Id*. at ¶ 19).

> (3) And finally, Plaintiff's grievance was denied at the initial level and that Plaintiff appealed the initial response to the grievance chairperson and the RMSI warden pursuant to the second step of the grievance policy, but Plaintiff did not take any action to further appeal the grievance to the final, thirds step after the warden concurred with the dismissal of the grievance. (*Id*. at ¶¶ 19-20; *see also* Doc. No. 107-2 at ¶¶ 9-13 and 15-19).

This evidence is unrebutted by Plaintiff and is sufficient to satisfy Defendants' initial burden of setting forth and establishing a defense, under the Prison Litigation Reform Act

---

[4] Local Rule 56.01(c) requires that the non-moving party file a specific response to the moving party's Statement of Undisputed Facts (or "SUMF"). Plaintiff's failure to respond triggers the application of Local Rule 56.01(f), which provides that a non-moving party's failure to timely respond to the moving party's statement of undisputed material facts shall cause the facts asserted in the statement of undisputed material facts to be deemed undisputed for the purposes of summary judgment.

("PLRA"), that Plaintiff did not fully exhaust his available grievance remedies prior to filing his lawsuit.

Consequently, the burden shifts to the Plaintiff, who must set forth specific facts showing that there is a genuine issue for trial. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 628 (6th Cir. 2018) (internal quotation omitted). A party opposing the motion for summary judgment must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). There is no exception to this requirement, regardless of the party's circumstances or lack of representation. In the Court's view, Plaintiff attempts to create an exception.[5] He asserts (as commonly asserted by unrepresented inmates) that he is disadvantaged, as a pro se petitioner and an incarcerated individual having to contend with trained lawyers (who represent Moving Defendants in this matter).[6] (Doc. No. 123 at 3). He argues that he is "unable to answer any 'Legal Claims'" due to

---

[5] And the Court sees it as such, because Plaintiff's argument on this point reflects a criticism of the process, rather than a specific objection to the R&R or any aspect of the R&R. Therefore, the Court is not required, to review it at all, whether de novo or under some other standard. *See Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *2 (M.D. Tenn. Dec. 4, 2018).

But in an abundance of fairness, the Court would respond to Plaintiff's criticism in the following manner: a party opposing a properly supported motion for summary judgment must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990). There is no exception to this requirement, regardless of the party's circumstances or lack of representation. Also, there is no constitutional right to access of a law library. *See Lloyd v. Corr. Corp. of Am.*, 855 F. Supp. 221, 223 (W.D. Tenn. 1994) ("We are concerned with a right of access to the courts, not necessarily [access] to a prison law library.") (quoting *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985); *see also Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978)).

[6] Specifically, Plaintiff compares this to the mighty Philadelphia Eagles playing in the Super Bowl against a Pee Wee League consisting of kindergartners. (*Id.*) But to be clear, a disparity in resources and legal

limited access to the prison's law library and a restriction as to the number of cases he can order per week. (*Id*.) While the disparity in legal training between a trained lawyer and a pro se litigant is an obvious one, that does not change the burden on Plaintiff to rebut Moving Defendants' SUMF to the extent necessary to avoid summary judgment.

"Summary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting Celotex, 477 U.S. at 322). Thus, as Plaintiff failed to make a showing that he exhausted his administrative remedies, the Court, agrees with the Magistrate Judge's findings that summary judgment be entered in favor of Defendants as to Plaintiff's remaining claims (including a Section 1983, ADA, and Rehabilitation Act claim).

As for the other objection raised by Plaintiff, Plaintiff asserts that the inmates of Unit 2 felt that one complaint would be sufficient to redress the "illegal taking" of eggshell mattresses. (Doc. No. 123 at 2). This assertion is unsupported by the record. And it is also irrelevant to the R&R because the validity of the R&R (and Summary Judgment Motion) are entirely unaffected by whether other inmates decided not to submit complaints because they thought Plaintiff's complaint alone would be enough. And to the extent that Plaintiff claims to speak for other inmates, the claim is without merit; he actually lacks authority to speak for them.[7]

---

training is not rare (and instead is quite common not only in pro se cases, but also in cases where both sides have counsel). And any disparity here is not actually the problem for Plaintiff; the problem for Plaintiff is that he did not timely even attempt to do what he needed to do to avoid summary judgment.

[7] *Cf. Kyle v. Hamilton Cnty. Sheriff Austin Garrett*, No. 1:23-CV-171-LC-SKL, 2023 WL 5411014, at *1 (E.D. Tenn. Aug. 22, 2023) ("The Sixth Circuit has long held that a pro se inmate is "not able adequately to represent the proposed class." *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part

## CONCLUSION

For the reasons discussed herein, Plaintiff's Objections (Doc. No. 123) are overruled, and the Court fully adopts the Magistrate Judge's R&R (Doc. No. 121). Accordingly, the Summary Judgment Motion (Doc. No. 107) is GRANTED, and Plaintiff's claims against Moving Defendants are DISMISSED in their entirety.

Apart from Moving Defendants and previously dismissed Defendants in this matter, only one Defendant remains: "unnamed nurse." The Court intends to issue a subsequent order regarding "unnamed nurse."

The Motion to Stay Scheduling Order Deadlines (Doc. No. 124), filed by the persons the Court as defined above as Moving Defendants, is DENIED as moot because in light of this Order, they are no longer headed to trial—which means, relatedly, that the pretrial conference, trial deadlines, and trial all are CANCELED.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.'"))).