IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD MIDDLEBROOKS | ) |
| | ) |
| | ) No. 3:23-cv-00054 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| | ) |
| LISA HELTON, ET AL. | ) |
| | ) |

**ORDER**

Recently, this Court issued an order (Doc. No. 126, "Order") adopting the Report and Recommendation issued by the Magistrate Judge (Doc. No. 121, "R&R"). Via the Order, the Court granted the motion for summary judgment (Doc. No. 107) filed by Defendants Tennessee Department of Correction, Ernest Lewis, Michael Keys, Dennis Davis, Raymond Moyer, and Amy Rafferty (hereinafter "Moving Defendants"), and dismissed all of Plaintiff's claims against Moving Defendants in their entirety.

As mentioned in that Order, due to the dismissal of Moving Defendants and previously dismissed Defendants, only one Defendant at this time remains: the "Unnamed Nurse." Following the Court's Order, Plaintiff has one remaining claim (i.e., for deliberate-indifference-to-medical-needs, under the Eighth Amendment) against Unnamed Nurse.

For the reasons stated herein, the Court sua sponte dismisses without prejudice Plaintiff's claim against Unnamed Nurse. The upshot of that dismissal is that no claims remain, and so judgment in this case as a whole shall be entered against Plaintiff.

## RELEVANT BACKGROUND

On May 12, 2023, Plaintiff amended his Complaint, adding Unnamed Nurse, among other new Defendants. (Doc. No. 14, "Amended Complaint"). In the Amended Complaint, Plaintiff alleged (in a conclusory manner) that Unnamed Nurse "denied medical care and treatment," (or deliberate-indifference-to-medical-needs) under the Eighth Amendment; "denied equal protection by [ ] Unnamed Nurse" under the Fourteenth Amendment; and that his pleadings "could also be fairly read to claim that he was denied due process of law as guaranteed by the [F]ourteenth [A]mendment when [Unnamed Nurse] changed plaintiff's inmate account for medical services." (Doc. No. 14 at 40, 41, and 45).

After reviewing the Amended Complaint, and other pending motions, the Court issued an order (Doc. No. 19, "Partial Dismissal Order") dismissing particular claims, including Plaintiff's substantive due process claims and equal protection claims under Section 1983. (Doc. No. 19 at 3). Thus, the only claim against Unnamed Nurse to survive the Partial Dismissal Order was Plaintiff's deliberate-indifference-to-medical-needs claim. (*Id*. at 3).

To proceed on his remaining claim against Unnamed Nurse, Plaintiff was instructed, via the Partial Dismissal Order, to complete "service packets and return them to the Clerk's Office within 30 days of the date of entry of this Order." (*Id*.). The Court also advised Plaintiff that process (meaning a summons and a copy of the Amended Complaint) cannot be served upon any defendant until the actual individual involved in the alleged incident has been properly identified, and furthermore, forewarned of the following:

> Plaintiff is put on notice of his obligation to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of the [not-]as-yet fully identified Defendants, and to file a timely motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend his complaint to correctly identify these Defendants by their full names once their names are ascertained, and

to effect timely service of process upon the individuals as required by Federal Rule of Civil Procedure 4(m).

(*Id*. at 4). On June 14, 2023, the Partial Dismissal Order, along with a service packet (i.e., a blank summons and USM 285 form) for each remaining defendant, was mailed to Plaintiff at Riverbend Maximum Security Institution, Unit 2 B-Pod, 7475 Cockrill Bend Boulevard, Nashville, Tennessee 37209, which is the address that Plaintiff provided in his Complaint. (*See* Doc. No. 1 at 14).

Pursuant to the Partial Dismissal Order, the Clerk issued a summons for "Un Named [sic] Nurse," (Doc. No. 26 at 5), which was served by the U.S. Marshal upon one Angel Burrows, who is designated to accept service "on behalf of" *Centurion*, not Unnamed Nurse. (*Id*. at 6). Notably, given the other allegations in the amended complaint as a whole, Centurion presumably is where Unnamed Nurse (assuming that he or she actually exists) must have been employed, at least at the time of the events alleged in the Amended Complaint. But there is no indication in the record that Angel Burrows or anyone else at Centurion, (or Centurion as an entity), was authorized to accept service on behalf of Unnamed Nurse.

As of the date of this Order, Plaintiff has not identified Unnamed Nurse, and Unnamed Nurse has not appeared or filed an answer to Plaintiff's Amended Complaint.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 41(b) confers on district courts the authority to dismiss an action for a plaintiff's failure to prosecute his or her claim or for failure to comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 736 (6th Cir. 2008) (*citing Knoll v. AT&T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute.").

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R.,* 370 U.S. 626, 629 (1962). This power, which is of "ancient origin," *id.* at 630, is a necessary component of the authority and responsibility of district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363). And courts have an inherent power "acting on their own initiative [i.e., *sua sponte*], to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link,* 370 U. S. at 630.

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer*, 529 F. 3d at 737.

Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004).

"[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996). And when a pro se litigant fails to comply with an easily understood

court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.*

A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits, unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b).

## ANALYSIS

Plaintiff failed to comply with the obligations laid out in this Court's Partial Dismissal Order, which directed Plaintiff to conduct a reasonable investigation to promptly determine the actual name of Unnamed Nurse, and furthermore, to file a timely motion pursuant to Rule 15 for leave to amend Plaintiff's complaint to correctly identify Unnamed Nurse once his or her name was ascertained and effect timely service of process upon him or her, as required by Rule 4(m). When considered under the lenient standard for dismissals without prejudice, the four Rule 41(b) factors weigh in favor of dismissal of the sole remaining claim against Unnamed Nurse.

**A. Bad Faith, Willfulness, or Fault**

A plaintiff's action(s) demonstrates bad faith, willfulness, or fault where they display a reckless disregard for the effect of plaintiff's conduct on those proceedings. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotations omitted). Here, Plaintiff was warned that process cannot be served upon a partially identified (as contrasted with a fully identified) defendant. (Doc. No 19 at 3). Plaintiff was also told to conduct a reasonable investigation to promptly determine the full name of the Unnamed Nurse, to effect timely service of process upon him or her, as required by Fed. R. Civ. P. 4(m), and file a motion for leave to amend, pursuant to Fed. R. Civ. P. 15(a), to correctly identify Unnamed Nurse in the complaint. (*Id.* at 4).

In almost *two (2) years* since the Court's warning in its Partial Dismissal Order, Plaintiff has neither amended his (already once-amended) complaint to specify Unnamed Nurse's identity,

nor otherwise disclosed the identity of Unnamed Nurse. Likewise, Plaintiff has not effected service of process upon Unnamed Nurse. While there is no indication that bad faith motivated Plaintiff's failure to satisfy his obligations explained in the Partial Dismissal Order, his inaction certainly reflects "fault" for purposes of Rule 41(b), given the length of time Plaintiff failed to take any steps—even now at the end of his lawsuit—to show compliance with the Court's Partial Dismissal Order.

Therefore, this factor leans in favor of dismissal.

**B. Prejudice to Defendant Unnamed Nurse**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). "Time, money, and effort" in this sense usually refers to a defendant's activities undertaken during or in connection with the discovery phase of litigation—rather than the defendant's activities in the early stages (such as answering a complaint)—"necessitated by any lack of cooperation"; expenditure of time, money, and effort in the early stages typically does not weigh in favor of dismissal for failure to prosecute. *Turner v. Jarmon*, No. 3:17-CV-00236, 2019 WL 5686322, at *4 (M.D. Tenn. Oct. 11, 2019), *report and recommendation adopted*, No. 3:17-CV-00236, 2019 WL 5684505 (M.D. Tenn. Oct. 31, 2019) (citing *Schafer*, 529 F.3d at 739). "If such efforts ... [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

It is true that Unnamed Nurse has not been served,[1] let alone been forced to undertake efforts in connection with discovery, and therefore, he or she has not wasted cognizable time, money, or effort as a result of Plaintiff's failure to prosecute. However, the Court finds it prejudicial to Unnamed Nurse to face the risk of having to attempt to build his or her defense so belatedly—after some or all evidence has likely grown stale (given the lapse of two years) and all other Defendants and claims have been dismissed.

Although the Court recognizes this is not the kind of prejudice to the defendant that is usually deemed within the purview of this factor, the Court believes that it should count here. That is, the Court finds that the excessive length of time passed and ambiguity surrounding this particular situation constitutes some prejudice, making this factor weigh slightly in support of dismissal.

### C. Prior Notice to Plaintiff

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id*. at 740 (quoting *Stough*, 138 F.3d at 615). Here, it is apparent that Plaintiff was warned from the outset that process cannot be served upon a partially identified defendant. (Doc. No. 19 at 4). Plaintiff was also notified of his obligation to conduct a reasonable investigation to promptly determine the full name of Unnamed Nurse, to effect timely service of process upon Unnamed Nurse, as required by Fed. R. Civ. P. 4(m), and file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify Unnamed Nurse by his or her full name. (*Id*.)

---

[1] That is because Unnamed Nurse has not even been identified (a prerequisite to being served). Relatedly, the purported service otherwise fails because it was made upon someone who (even if authorized to accept service on behalf of Centurion) was not authorized to accept service on behalf of Unnamed Nurse.

True, the Court did not expressly state in its Partial Dismissal Order that failure to comply with these obligations could lead to dismissal of his case. However, the Court made it clear that process cannot be served upon any defendant who has not been properly identified. (Doc. No. 19 at 4).

Moreover, Plaintiff's failure to return service packets for the Unnamed Nurse as directed by the Court evidences a lack of interest in prosecuting the claims against Unnamed Nurse and a disregard of the orders of the Court. *See Boswell v. Melton*, No. 2:14-0040, 2014 WL 3015800, at *1 (M.D. Tenn. July 2, 2014), *report and recommendation adopted sub nom. Joseph Boswell v. Melton*, No. 2:14-0040, 2014 WL 4384335 (M.D. Tenn. Sept. 3, 2014) (where the court dismissed an action for a plaintiff's "apparent lack of interest in the action and failure to take the steps necessary to serve the defendants with process").

Any action against Unnamed Nurse cannot proceed in the absence of returned service packets from Plaintiff. And Plaintiff neither complied with the Partial Dismissal Order (i.e., never identified and properly served Unnamed Nurse) nor demonstrated to this Court any steps taken to identify Unnamed Nurse (or, in the alternative, to explain why he or she cannot be identified). This factor therefore supports dismissal.

**D. Appropriateness of Other Sanctions**

The Court does not perceive that a sanction less severe than dismissal is appropriate. But that does not mean that a severe form of dismissal (i.e., dismissal on the merits, which is the default kind of dismissal under Rule 41(b)) is appropriate. The less-drastic sanction of dismissal *without prejudice*[2] is available and appropriate here.

---

[2] Notably, a dismissal on the merits generally is a dismissal with prejudice, and a dismissal not on the merits is a dismissal without prejudice. *See Miller v. Collins,* No. 23-3191, 2023 WL 7303305, at *4 (6th Cir. Nov. 6, 2023) ("[D]ismissals pursuant to Rule 12(b)(6) are 'judgment[s] on the merits' and are therefore

Dismissal without prejudice strikes an appropriate balance between the Court's interest in "sound judicial case and docket management" and "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a measured sanction is particularly appropriate in cases where, as here, there is prolonged inactivity and a pro se plaintiff. *See Schafer*, 529 F.3d at 737.

## CONCLUSION

For the reasons discussed herein, the Court sua sponte dismisses Plaintiff's sole remaining claim (i.e., an Eighth Amendment claim) against Unnamed Nurse, and the Clerk is DIRECTED to terminate Unnamed Nurse as a defendant.

Unnamed Nurse was the last remaining Defendant in this case, inasmuch as all claims against Unnamed Nurse's co-Defendants have been dismissed. (Doc. No. 19, 78, 126). As no claims have survived, the Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

presumed to be with prejudice." (quoting *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (internal citation omitted)); *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 576-77 (6th Cir. 2010) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice." (quoting *Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. Appx. 292, 298 (6th Cir.2001)). Herein, the Court is ordering a dismissal without prejudice because the dismissal is not on the merits.